UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRISTY M.,

                                    Plaintiff,

                    v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                    Defendant.
_____

DECISION AND ORDER

22-CV-1004DGL

 

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On February 22, 2021, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since December 1, 2019. Her application was initially denied. Plaintiff requested a hearing, which was held on May 3, 2022 via teleconference before Administrative Law Judge ("ALJ") Bryce Baird. (Administrative Transcript, Dkt. #5 at 15). The ALJ issued a decision on August 1, 2022, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 15-31). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 26, 2022. (Dkt. #5 at 1-3). Plaintiff now appeals from that decision.

The plaintiff has moved for judgment reversing the Commissioner's decision and remanding the matter for further proceedings (Dkt. #6), and the Commissioner has cross moved

(Dkt. #10) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

### I.      Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Furthermore, where, as here, the alleged nonexertional impairments include substance abuse, the inquiry "does not end with the five-step analysis." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). A claimant is not considered disabled if substance abuse is a contributing factor that is material to a determination that the individual is disabled. *Id*. As such, if the ALJ determines that a claimant is disabled, and the record contains medical evidence of substance abuse, the ALJ must proceed to determine whether the substance abuse is a "contributing factor material to the determination of disability" – that is, whether the claimant would still be found disabled if she "stopped using drugs or alcohol." *Lovelace v. Colvin*, 2016 U.S. Dist. LEXIS 103187 at *23-*24 (S.D.N.Y. 2016) (quoting 20 CFR §§ 404.1535(a), 404.1535(b)(1), 416.935(a), 416.935(b)(1)). The claimant bears the burden of proving that drugs and/or alcohol are not material to the disability determination – that is, that even in the absence of drug or alcohol abuse, the claimant would still be disabled. *Cage*, 692 F.3d 118 at 121-23. If the claimant fails to make this

2

showing, and would *not* be disabled in the absence of drug and/or alcohol abuse, the ALJ continues through the remainder of the traditional five-step analysis.

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio*, 276 F.3d 103 at 108. "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

## II.    The ALJ's Decision

Here, the ALJ found that the plaintiff had severe impairments, consisting of bilateral retinopathy with vision loss in her left eye, unspecified depressive disorder, unspecified anxiety disorder, substance abuse (cocaine), and alcohol abuse, which did not meet or equal a listed impairment. (Dkt. #5 at 18).

Applying the special technique for mental impairments, the ALJ found that when abusing controlled substances, plaintiff has marked limitations in understanding, remembering and applying information, moderate limitations in interacting with others, marked limitations in her ability to concentrate, persist and maintain pace, and moderate limitations in her ability to adapt or manage herself. (Dkt. #5 at 18-22). The ALJ determined that *with* substance abuse, plaintiff would meet or exceed the requirements of Listing 12.04 (mental disorder with marked limitations in at least 2 areas of functioning) and/or Listing 12.06 (anxiety and obsessive-compulsive disorders), and would thus be disabled while abusing substances. (Dkt. #5 at 23-24).

The ALJ next examined the materiality of plaintiff's substance abuse. He determined that if plaintiff *stopped* abusing controlled substances, plaintiff would have only mild limitations in understanding, remembering or applying information, mild limitations in interacting with others,

mild limitations in the ability to concentrate, persist, or maintain pace, and mild limitations in her ability to adapt or manage herself. (Dkt. #5 at 23-24).

In light of plaintiff's exertional and nonexertional symptoms, the ALJ found that *without* substance abuse, the plaintiff has the RFC to perform work at all exertional levels, with no more than occasional performance of tasks requiring near acuity, far acuity, peripheral acuity, and depth perception. She can read books or newspapers with ordinary-sized print. She should not perform any work involving exposure to hazards such as unprotected heights and moving machinery. She is limited to simple, routine tasks that can be learned after a short demonstration or within 30 days, including repetitive tasks. She cannot perform working requiring her to drive a vehicle. Finally, she is limited to work that involves doing the same tasks every day with little variation in location, hours, or tasks. (Dkt. #5 at 25).

When presented with a hypothetical encompassing this RFC at plaintiff's hearing, the vocational expert testified that an individual of plaintiff's age (36 as of the alleged onset date) and educational level (high school) with this RFC could not return to plaintiff's past relevant work as a personal care aide, but could perform the representative unskilled, light exertion positions of cleaner, bagger, and linen room attendant. (Dkt. #5 at 31). The ALJ accordingly found plaintiff not disabled.

III.    **Plaintiff's Contentions**

A.      **The ALJ's Materiality Finding**

Plaintiff initially argues that the ALJ's materiality finding was unsupported by substantial evidence in the record, because it relied on an insufficiently supported opinion by the medical expert, psychiatrist Dr. Chukwuemeka Efobi. Specifically, plaintiff points to Dr. Efobi's hearing testimony that because the record evidenced only very brief periods of sobriety, Dr. Efobi's

4

opinion that plaintiff's limitations would be much less severe in the absence of drug and alcohol abuse – such that she would no longer satisfy the requirements of a listed impairment – was based on a combination of his own experience in similar cases, and his analysis of plaintiff's improvements when "looking at the small windows of sobriety" in the record. (Dkt. #5 at 46-48). Plaintiff argues that because Dr. Efobi's opinion was not based on any specific and lengthy period of sobriety on the part of plaintiff, it was too vague and conclusory to support the ALJ's materiality finding.

The Court disagrees. Initially, it was not improper for the ALJ to rely on Dr. Efobi's testimony. Dr. Efobi's opinion was informed by professional and program expertise, as well as his review of the record, and his opinion was consistent with treatment notes and clinical findings indicating that plaintiff's functioning significantly improved when she was not abusing alcohol and/or cocaine. *See Heaman v. Comm'r of Sec. Sec.*, 2018 U.S. Dist. LEXIS 248377 at *29 (N.D.N.Y. 2018)(ALJ did not err in relying on Dr. Efobi's medical expert testimony as to materiality, in light of Dr. Efobi's professional and program knowledge, review of the entire record, and the consistency of Dr. Efobi's testimony with the evidence of record).

In any event, the ALJ's materiality finding was not based solely upon Dr. Efobi's testimony. The ALJ's findings were also based upon objective medical findings concerning plaintiff's cognitive functioning during periods of sobriety, plaintiff's testimony concerning improved social interactions and improved mental health when sober, plaintiff's self-reports of improved attention and concentration when she was abstinent and compliant with taking prescribed medications, and mental status examinations that had been undertaken during periods of sobriety, all of which the ALJ specifically cited and discussed. (Dkt. #5 at 24). This evidence,

and Dr. Efobi's uncontradicted testimony, comprise substantial support for the ALJ's finding that plaintiff's substance abuse was material to whether her limitations were disabling.

**B.      Assessment of the Medical Opinions of Record**

Plaintiff also argues that the ALJ committed legal error when he purported to find the opinion of consulting psychologist Dr. Janine Ippolito "persuasive," but failed to adequately incorporate the limitations identified by Dr. Ippolito into his RFC findings. Specifically, plaintiff points out that although Dr. Ippolito's objective findings (which took place after at least two months of sobriety) were grossly normal, Dr. Ippolito identified "marked limitations regulating emotions, controlling behavior, and maintaining well-being . . . due to [plaintiff's] emotional distress *and* substance abuse." (Dkt. #5 at 948-49)(emphasis added). Dr. Ippolito concluded that the results of her evaluation of plaintiff, and plaintiff's description of her mental health history, were "consistent with psychiatric *and* substance abuse problems," with the potential to significantly interfere with plaintiff's functioning on a daily basis. *Id.* (emphasis added).

Because Dr. Ippolito did not explain the extent to which each of the opined limitations arose from mental health symptoms versus substance abuse, plaintiff argues that her opinion was too vague to support the ALJ's RFC finding of no more than "mild" limitations in the absence of substance abuse.

The Court disagrees. It is well settled that an ALJ's decision need not "reconcile explicitly every conflicting shred of medical testimony." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). In finding Dr. Ippolito's opinion persuasive, the ALJ explained that the opinion was based on an in-person evaluation, and was "consistent with the claimant's subjective complaints when she was actively abusing alcohol and drugs as well as the lack of symptoms and the essentially normal mental status examinations when she was abstinent . . . [and i]t is also consistent with the

claimant's reported activities, which include cooking, cleaning, watching television, and driving." (Dkt. #5 at 28). With respect to the ALJ's RFC determinations, the ALJ implicitly credited Dr. Ippolito's essentially normal objective findings, which were made after a two-month period of sobriety, with respect to his RFC determination concerning plaintiff's limitations in the absence of substance abuse, and likewise credited Dr. Ippolito's opinion concerning "marked" limitations when plaintiff's "emotional distress and substance abuse" were combined. (Dkt. #5 at 946-49).

Nonetheless, the Court need not examine whether the ALJ's interpretation of Dr. Ippolito's opinion was comprised of permissible practical conclusions, the improper substitution of layperson interpretation for competent medical opinion, or some combination of the two. Recognizing the pitfalls inherent in such determinations, the ALJ opted not to place his reliance on Dr. Ippolito's opinion in determining plaintiff's RFC in the absence of substance abuse, even though he found it persuasive. As the ALJ explained: "[g]iven Dr. Ippolito's opinion that the claimant's limitations were attributed to both her mental health *and* substance abuse impairments, the undersigned ordered a medical expert for the hearing to clarify whether substance abuse was material." (Dkt. #5 at 29)(emphasis added). As discussed above, the ALJ's reliance on that medical expert's testimony as to the issue of materiality was not erroneous.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that ALJ's decision was supported by substantial evidence and was not the product of reversible legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #6) is denied, the Commissioner's cross motion for judgment on the pleadings

(Dkt. #10) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 30, 2023.